E-FILED
Monday, 28 July, 2025  03:42:26 PM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

UNITED STATES OF AMERICA,
    Plaintiff,

v.

    Case No. 4:21-CR-40022-JEH-1

MAISIE LAUREL REED,
    Defendant.

### Order

Now before the Court is the Defendant Maisie Laurel Reed's motion for early termination of supervised release. For the reasons stated *infra* the motion is granted.

On December 21, 2022, Reed was sentenced to time served for three counts of Distribution of Methamphetamine, as well as 60 months of supervised release, which commenced on the same date.  On March 7, 2023, the Court modified Reed's conditions of supervised release to include 90 days of home confinement due to offenses committed in McDonough County, Illinois, including Driving Under the Influence of Alcohol.  Subsequently, on August 1, 2023, the Court further modified Reed's conditions to require four weekends of intermittent confinement following another DUI offense in Hancock County, Illinois.   On June 9, 2025, Reed filed a motion for early termination of supervised release, which was later amended on June 25, 2025. The Government opposes the motion.

Reed seeks early termination of her supervised release on the grounds that within the last 12 months, she has demonstrated rehabilitation and compliance with all court-imposed conditions, making continued supervision unnecessary

1

and counterproductive to her progress and reintegration into society.    She highlights her successful completion of more than 12 months of supervision, with no violations, abstinence from alcohol and drugs for an extended period, consistent negative drug tests, and completion of required treatments.    She argues that she has developed a strong and supportive family structure, maintains steady employment where she encountered significant barriers due to her supervised release status and contributes positively to her community by volunteering and supporting others in recovery.  Reed acknowledges that very early in her term of supervision, she had two DUI cases but emphasizes that she took full responsibility for these offenses and completed all required treatment and court-imposed sanctions, including reclaiming her driver's license and participating in over 70 hours of group sessions related to substance use and rehabilitation.

In light of these facts, Reed argues that supervised release now serves no rehabilitative, deterrent, or public safety purpose, as recognized by statutory and policy standards, including those under 18 U.S.C. § 3583(e)(1) and the *Guide to Judiciary Policy*, which presumptively favor early termination after successful completion of one year when there is no risk to public safety and all supervision objectives have been achieved.    She further contends that continued supervision impairs her career and limits her ability to fully provide for and support her family and asserts that her case meets all the criteria for early termination, including strong evidence of rehabilitation and an absence of any risk to the public.

The Government disagrees, citing Reed's two DUI convictions during supervision as evidence of ongoing risk and the need for continued oversight. Despite recent compliance, the Government argues that Reed's history of substance abuse and recidivism necessitates further supervision to protect public safety and support her rehabilitation. The probation officer concurs, positing that

2

supervision is not a significant disruption to Reed's life. The Government emphasizes that statutory factors under 18 U.S.C. § 3583(e)(1) require more than mere compliance; they demand a demonstration of substantial rehabilitation and no risk to the public. Given these considerations, the Government asserts that continued supervision is appropriate and necessary.

Pursuant to 18 U.S.C. §3583(e)(1), after one year, a court can terminate supervised release early if it is warranted by the defendant's conduct and in the interest of justice. A defendant's behavior must demonstrate rehabilitation such that they no longer pose a danger to the community. *See United States v. Crisp*, 770 F.Supp.3d 1124, 1125. Once at least one year of a supervised release term has elapsed, a court must consider the factors set forth in 18 U.S.C. § 3553(a) as required by 18 U.S.C. § 3583(e). Among these factors are: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) deterrence of future criminal conduct; 3) protecting the public from future criminal conduct; 4) providing the defendant with adequate resources while on supervised release; 5) and the need to avoid unwarranted sentence disparities among defendants similarly situated who have been found guilty because of similar conduct.  18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(6).

As an initial matter, Reed is eligible for early termination of supervised release, as she has completed more than one year of her supervision. 18 U.S.C. § 3583(e)(1). Accordingly, the question is whether, after weighing the relevant § 3553(a) factors, the interest of justice favors early termination.

Absent the two DUI convictions which Reed picked up shortly after she began supervised release, this would be an easy case. But for those convictions, Reed's conduct while on supervision has been exemplary, and since those convictions, her conduct and steps toward rehabilitation demonstrate a commitment to lead a law-abiding life. Had these last twelve months of

3

supervision been Reed's first twelve months of supervision, she would easily satisfy the standard for securing an early termination of supervised release. However, even violations of supervised release conditions which involve new law violations are not a *per se* prohibition on a grant of early termination. *See* 18 U.S.C. § 3583(e)(1) (providing that the only *per se* bar to an early termination of supervised release is having completed less than one year).

In this case, the Court is persuaded that notwithstanding Reed's DUI related offenses, the balance of § 3553(a) factors weigh in favor of early termination of supervised release. First, Reed has had no violations of any kind in the preceding 12 months. Given that Congress requires a defendant to be on supervised release for at least one year before being eligible for early termination, Congress has assigned some significance to 12 months of supervision. As this Court noted in *Crisp*, one such reason for this 12 month requirement may be "because that first year out of prison and back into society is likely to be the most difficult; if a defendant can get through that year successfully, he has provided persuasive evidence of rehabilitation and lack of danger to the public." *Crisp*, 770 F.Supp.3d at 1131.

Reed provides proof of how difficult that first year on supervision can be; in a short time after starting supervision, she committed the conduct resulting in her DUIs. However, what she did in response to those DUIs must also be considered. Not only did Reed take full responsibility for the offenses, but she also completed all required treatment and State court sanctions, including reclaiming her driver's license and completing over 70 hours of group sessions related to substance use and rehabilitation. She also complied with modifications of her federal supervised release conditions related to the convictions, including 90 days of home confinement and four weekends of intermittent confinement. In other words, her violations of supervised release have already been addressed by both

this Court and the State courts, addressing the 3553(a) factors with the sanctions previously imposed.

Significantly, Reed has demonstrated that she has been able to successfully rehabilitate herself since her original conviction and her previous violations of supervised release, which occurred over a year ago. She now has developed a strong and supportive family structure, maintains steady employment, and has had perfect conduct on supervised release for over 12 months. In sum, notwithstanding a poor start to supervision, she has demonstrated a strong desire to lead a law-abiding life since those early violations and has done everything she was asked to do since that time, by both this Court, the State courts, and her supervising officer. Accordingly, the interests of justice are served in terminating her supervision early, in that the balance of relevant § 3553(a) factors demonstrate she is rehabilitated and does not pose a risk of returning to the criminal activity which resulted in her being on supervised release in the first place.

Therefore, for the reasons stated *supra* the motion for early termination of supervised release is granted.

*It is so ordered.*

Entered on July 28, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE